**Elmer Celoza MAIGUE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70883, A70–957–049.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 12, 2004.

Hiram W. Kwan, Los Angeles, CA, for Petitioner.

Elmer Celoza Maigue, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David V. Bernal, Attorney, William Campbell Erb, Jr., Attorney, Mark C. Walters, Kurt B. Larson, U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM**

Elmer Celoza Maigue, a native and citizen of the Philippines, petitions for review

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of the Board of Immigration Appeals' ("BIA") January 28, 2003 denial of his motion to reopen to pursue adjustment of status. We review the denial of a motion to reopen for abuse of discretion. *De Martinez v. Ashcroft*, 363 F.3d 1022, 1024 (9th Cir.2004). We deny in part, and dismiss in part, the petition for review.

Because Maigue failed to address how the BIA abused its discretion by denying his motion to reopen, he has waived any challenge to this decision, and we deny the petition for review. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

Furthermore, we lack jurisdiction to review Maigue's contentions regarding the BIA's September 10, 2002 decision affirming the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture, because Maigue did not file a timely petition for review from that decision. *See id.* at 1258; *see also* 8 U.S.C. § 1252(b)(1). We also lack jurisdiction to review Maigue's claim of ineffective assistance of counsel because he did not present this claim to the BIA. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) ("We ... require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.").

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.