**Sarbjeet Singh SAINI, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–71289, 03–72339, 04–70155, A75–318–008.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided March 15, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Louis A. Gordon, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Robbin K. Blaya, OIL, M. Jocelyn Wright, Efthimia S. Pilitsis, Anthony W. Norwood, Song Park, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before ALARCÓN, SILER,** and SILVERMAN, Circuit Judges.

### MEMORANDUM***

Sarbjeet Singh Saini, a native and citizen of India, petitions for review of the Board of Immigration Appeals's ("BIA") adverse credibility finding and order that he was removable as charged and denial of his motions to reopen and remand and for reconsideration. As the parties are familiar with the facts and additional arguments, they are not repeated here.

The BIA's adverse credibility findings are supported by substantial evidence and Saini has failed to present any evi-

dence that compels a contrary result. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). For instance, Saini's testimony that he was arrested three times on account of his political opinion was contradicted by substantial evidence that he had never been arrested. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). Further, Saini provided inconsistent dates of arrest, confused the dates he was in college and involved with the All India Sikh Student Federation (which was the basis for his alleged persecution), gave his wrong birth date at the hearing before the immigration judge, and, despite the opportunity to do so, failed to obtain any documentation corroborating his testimony. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (one inconsistency may be sufficient for adverse credibility finding).

Moreover, the BIA did not abuse its discretion in denying Saini's motion to reopen and remand, since the denial was not arbitrary, irrational, or contrary to law, *see Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) ("[m]otions to reopen immigration proceedings are disfavored"), and reopening Saini's case would "reward injudiciously" his misleading behavior. *See Eide–Kahayon v. INS*, 86 F.3d 147, 150 (9th Cir.1996) (*per curiam*). Similarly, there was no abuse of discretion in the BIA's denial of Saini's motion to reconsider because he failed to raise any new legal arguments and there has not been a change in the law. *See Iturribarria v. INS*, 321 F.3d 889, 896 (9th Cir. 2003).

**PETITION DENIED.**

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.