Jose Ramirez **HERNANDEZ**; **Luis Josefina Ramos**, Petitioners,

v.

Alberto **GONZALES**, Attorney General,* Respondent.

No. 04–70220.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.**

Decided April 4, 2005.

Michael S. Cabrera, Law Offices of Michael S. Cabrera, Huntington Park, CA, for Petitioners.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Linda S. Wendtland, Esq., John S. Hogan, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Jose Ramirez Hernandez and his wife, Luis Josefina Ramos, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of their application for cancellation of removal. We dismiss the petition for review.

Petitioners' sole contention on appeal is that they received ineffective assistance of counsel. We lack jurisdiction over the petitioners' ineffective assistance of counsel claim because they did not exhaust their administrative remedies by first raising it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004) (explaining that exhaustion is jurisdictional); *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (holding that the petitioner must exhaust administrative remedies by first presenting ineffective assistance of counsel claim to the BIA).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

PETITION FOR REVIEW DIS-
MISSED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.