Kamal Kerem ZEINALOV, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–73740.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2005.**

Decided May 2, 2005.

Matthew B. Weber, Esq., Law Offices of Matthew B. Weber, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: MCKAY,*** O'SCANNLAIN, and BEA, Circuit Judges.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

MEMORANDUM \*\*\*\*

■ Kamal Kerem Zeinalov ("Petitioner"), a native and citizen of Azerbaijan, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to remand removal proceedings for adjustment of status based on his marriage to a United States citizen. The BIA denied Petitioner's motion because he failed to establish *prima facie* eligibility for an adjustment of status. A.R. at 4.

We review the BIA's denial of a motion to reopen or remand for an abuse of discretion.[1] *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). The abuse of discretion standard applies "regardless of the underlying basis of the alien's request [for relief]." *Doherty,* 502 U.S. at 323, 112 S.Ct. 719 (quoting *INS v. Abudu,* 485 U.S. 94, 99 n. 3, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). Therefore, we must affirm the BIA's denial of Petitioner's motion to remand unless its decision was "arbitrary, irrational or contrary to law." *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (quoting *Watkins v. INS,* 63 F.3d 844, 847 (9th Cir.1995)).

Petitioner attempted to adjust his status pursuant to 8 U.S.C. § 1255(e), the "bona fide marriage exception." He therefore bore the burden of establishing by clear and convincing evidence that his marriage was entered into in good faith and in accordance with applicable laws and not for the purpose of procuring admission. 8 U.S.C. § 1255(e)(3). As such, he was required to demonstrate *prima facie* eligibility in order to meet the evidentiary standard. *See* 8 C.F.R. § 1003.2(c)(1).

A review of the evidence before the BIA does not indicate an abuse of discretion. The evidence with respect to joint bank accounts between Petitioner and his wife appears to relate solely to business accounts. A.R. at 19–20, 30–31, 33. These accounts simply establish that Petitioner and his wife were business partners. The real estate affidavit that Petitioner submitted indicates that Petitioner executed a quit claim deed which gave his wife ownership in the residential property as separate community property. *Id.* at 34. It does not establish that Petitioner and his wife co-owned the property. *See id.*

Additionally, Petitioner and his wife did not provide affidavits attesting to their love for one another in order to establish that their marriage was not for the purpose of procuring Petitioner's admission into the United States. They did not even submit unsworn letters so stating. Also, the letters that were submitted were mostly from business associates that had no personal knowledge regarding Petitioner's marriage. *Id.* at 19, 21–23, 26. Of the letters Petitioner submitted, only two were from friends containing opinions regarding the validity of the marriage, and neither was a sworn affidavit. *Id.* at 18, 24–25.

After a thorough review of the briefs and the record, we hold that the BIA did not abuse its discretion in deciding that, because Petitioner's submissions contained very little information about his marriage, Petitioner did not establish *prima facie* eligibility for an adjustment of status. Therefore, for substantially the same reasons set forth in the BIA's well-reasoned September 15, 2003 order, we deny the petition for review.

---

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Petitioner set forth three separate issues for review which all fall under the umbrella of whether the BIA abused its discretion in denying his motion to remand.

■ We further note that the BIA did not err in stating that Petitioner's motion would also have been denied as a matter of discretion based on Petitioner's past act of domestic violence. The record reveals that Petitioner is the subject of several protective orders which prevent him from going near his wife or youngest son due to domestic violence. A.R. at 201–13, 75–76. Adjustment of status is discretionary. *See Abudu,* 485 U.S. at 105–06, 108 S.Ct. 904 ("[T]he BIA has discretion to deny a motion to reopen even if the alien has made out a prima facie case for relief[.]").

Petition DENIED.