**Tereza AKOPOVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72980.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed Feb. 17, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tereza Akopova, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Tereza Akopova, a native and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of her motion to reopen removal proceedings in which she applied for asylum, withholding of removal, and relief under the Convention Against Torture. We dismiss the petition for review in part, deny it in part, and remand for further proceedings.

■ To the extent that Akopova alleges ineffective assistance of prior counsel Rita Mahdessian, we lack jurisdiction to review this unexhausted claim. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (requiring ineffective assistance of counsel claims to be presented first to the BIA).

■ We also lack jurisdiction to review Akopova's unexhausted claim that the IJ incorrectly applied a firm resettlement bar to her application for withholding of removal. *See Zara v. Ashcroft,* 383 F.3d 927, 931 (9th Cir.2004).

■ Akopova contends that the IJ's original decision, which she did not appeal, erred in concluding that she firmly resettled in Hungary. The motion to reopen at issue contained three medical letters. In her appeal to the BIA and in this court, Akopova does not challenge the IJ's sole rationale for denying the motion: that she failed to proffer new and material evidence that could not previously have been presented. She has therefore waived any challenge to this determination. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1260 (9th Cir.1996).

■ Akopova also contends that the IJ's handwritten notation on the order denying relief—"on withholding may submit relevant doc[uments]"—was "a clear invitation by the Immigration Judge for the filing of a Motion to Reopen." Akopova's brief to the BIA raised this issue and requested "the transcript of the hearing to understand why the Motion to Reopen should be granted." As the BIA did not address this claim, we remand this aspect of the case for further proceedings. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.