**Mirna Rocio MIRANDA LEYVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75053.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Mirna Rocio Miranda Leyva, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's order denying her application for cancellation of removal, and denying her motion to remand. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

We review de novo the agency's legal determination that Miranda Leyva was statutorily ineligible for cancellation of removal. *See Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir.2002). Because Miranda Leyva had no qualifying relative at the time of the merits hearing,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

a point she does not contest, the agency correctly determined that she was ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D).

The BIA did not abuse its discretion in denying Miranda Leyva's motion to remand because the evidence submitted concerning a new qualifying relative did not show how the new relative would suffer the requisite hardship, and thus was insufficient to establish her prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(a); *cf. Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (holding that prima facie eligibility for relief is demonstrated by a showing that there is a reasonable likelihood the statutory requirements have been satisfied).

We lack jurisdiction to consider Miranda Leyva's contention that she received ineffective assistance of counsel because she failed to exhaust this contention before the BIA. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121 (9th Cir.2000) (explaining that an alien claiming ineffective assistance of counsel must "exhaust his administrative remedies by first presenting the issue to the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**