Ricardo Garcia YANAGUI, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 03–73284, 04–71906, 04–72926.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Filed June 16, 2006.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Ricardo Garcia Yanagui, a native and citizen of Mexico, seeks review of: (1) the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order pretermitting his application for suspension of deportation, and granting the withdrawal with prejudice of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (No. 03–73284); (2) the BIA's order denying his motion to reconsider (No. 04–71906); and (3) the BIA's order denying his untimely motion to reopen (No. 04–72926). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review legal questions and constitutional issues de novo. *See Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003). We review for abuse of discretion the denial of a motion to reopen or reconsider. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

Yanagui's argument that his due process rights were violated when the IJ refused to adjudicate his case under the rules for suspension of deportation is unavailing, because the agency's decision to commence removal proceedings after April

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1, 1997 meant that IIRIRA's permanent provisions applied. *See Ramirez–Zavala v. Ashcroft,* 336 F.3d 872, 874–75 (9th Cir. 2003); *see also Vasquez–Zavala,* 324 F.3d at 1108 (holding that placing aliens in removal, rather than deportation, proceedings by itself does not amount to a due process violation).

■ We lack jurisdiction to review Yanagui's challenge to the agency's decision to commence removal rather than deportation proceedings against him. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002) (noting that this court lacks jurisdiction "to review the timing of the Attorney General's decision to commence proceedings.") (internal citations and quotation marks omitted); *see also Vasquez–Zavala,* 324 F.3d at 1107–08.

■ Yanagui contends that the BIA abused its discretion when it denied his motion to reconsider in which he argued that his case should be remanded because the IJ failed to rule on his asylum application. This contention is unavailing because Yanagui voluntarily withdrew with prejudice his asylum application, and he does not challenge the voluntariness of that withdrawal. *See Simeonov v. Ashcroft,* 371 F.3d 532, 538 (9th Cir.2004) (citing *INS v. Bagamasbad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.")). Yanagui now contends the BIA should have read his motion to reconsider as a motion to remand and reinstate his asylum application so that he could apply for relief. However, not only did Yanagui fail to request such relief, the asylum application was withdrawn with prejudice and therefore could not be rein-

stated. For the foregoing reasons, the BIA did not abuse its discretion in denying Yanagui's motion to reconsider. *See Ontiveros–Lopez,* 213 F.3d at 1124.

■ Yanagui also seeks review of the BIA's denial of his motion to reopen proceedings, which he filed eight months after the BIA issued its final order. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of BIA's decision). Yanagui has failed to raise any argument challenging the BIA's finding of untimeliness and has therefore abandoned any challenge to that decision. *See Devereaux v. Abbey,* 263 F.3d 1070, 1079 (9th Cir.2001).

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**