### Idania Maybeli ROSALES–PICEN, Petitioner,

v.

### Alberto R. GONZALES, Attorney General, Respondent.

No. 05–75385.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 15, 2006.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Idania Maybeli Rosales–Picen, a native and citizen of Guatemala, petitions for re-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

view of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rosales–Picen's motion to reopen as untimely because she did not file it within ninety days of the BIA's final order of removal. *See* 8 C.F.R. § 1003.2(c)(2); *Azanor v. Ashcroft,* 364 F.3d 1013, 1021–22 (9th Cir.2004).

Rosales–Picen's due process challenges are unpersuasive because the record shows that she is aware of the civil penalties for any future failure to depart in accordance with 8 U.S.C. § 1324d(a). Further, Rosales–Picen had a full and fair opportunity to appeal the immigration judge's decision to the BIA. Rosales–Picen's "miscarriage of justice" argument is therefore unavailing because she has failed to show how the BIA erred in denying her motion to reopen as untimely. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that petitioner must show error and substantial prejudice to prevail on a due process challenge).

We lack jurisdiction to review Rosales–Picen's contention that the BIA should have sua sponte granted her motion to reopen despite its untimeliness, because the decision of the agency whether to invoke its sua sponte authority is committed to its unfettered discretion. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002) (internal citations omitted). We also lack jurisdiction over Rosales–Picen's contentions relating to the alleged ineffective assistance of her former counsel because she has not exhausted this issue by first presenting it to the BIA in a motion to reopen. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**