**Yessenia Guadalupe RIVAS–GARCIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Yessenia Guadalupe Rivas–Garcia, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

Nos. 05–77300, 06–71901.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2008.*

Filed June 13, 2008.

Martin Roy Robles, Teresa Salazar, Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, Christopher J. Stender, Stender & Pope, PC, San Diego, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, William C. Minick, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE and GRABER, Circuit Judges, and TIMLIN,** District Judge.

MEMORANDUM ***

Rivas–Garcia petitions for review of the Board of Immigration Appeals' (Board) decision denying her requests for asylum, withholding of removal, and protection under the Convention Against Torture

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Robert J. Timlin, United States District Court for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

(CAT), and the Board's subsequent denial of her motion to reopen. We deny her petition for review.

■ Substantial evidence supports the Board's conclusion that Rivas–Garcia failed to demonstrate past persecution or a well-founded fear of future persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Rivas–Garcia never challenged the Board's conclusion that she failed to establish past persecution and admits that the single incident she suffered in El Salvador did not amount to persecution. Because Rivas–Garcia failed to establish past persecution or to present "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution," *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) (internal quotation marks omitted), she has not presented evidence that would compel reversal of the Board's determination that she has no well-founded fear of future persecution and is therefore ineligible for asylum, withholding of removal, or CAT relief.

■ The Board did not abuse its discretion when it denied Rivas–Garcia's motion to reopen. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000). The evidence Rivas–Garcia presented in her motion to reopen did not demonstrate *prima facie* eligibility for relief because the generic evidence did not "reveal[ ] a reasonable likelihood that the statutory requirements for relief have been satisfied." *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003).

PETITION FOR REVIEW DENIED.