**Jose Dimas MORALES; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74399.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 27, 2008.

Jose Dimas Morales, Santa Maria, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Noemi Dimas, Santa Maria, CA, pro se.

Elideth Dimas Salazar, Santa Maria, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, John Cunnigham, Esquire, Saul Greenstein, Esquire, Kurt B. Larson, Esquire, OIL, Stacy S. Paddack, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, RYMER and THOMAS, Circuit Judges.

### MEMORANDUM **

Jose Dimas Morales and his family, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reconsider its prior order dismissing their appeal from an immigration judge's decision denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The BIA properly construed petitioners' self-titled "motion to reopen" as a motion for reconsideration. *See Mohammed v. Gonzales,* 400 F.3d 785, 792 (9th Cir.2005); *see also* 8 C.F.R. §§ 1003.2(b)(1) and (c)(1).

The BIA acted within its discretion in denying petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

decision. *See* 8 C.F.R. § 1003.2(b)(1); *see also Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

We lack jurisdiction to consider petitioners' claim of ineffective assistance of counsel because they failed to exhaust it before the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (requiring "an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**