**Kevin Gatheru MBUGUA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70061.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Oct. 30, 2008.

Elisa C. Brasil, Esquire, Dominic E. Capeci, Esquire, Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioner.

Michael Thomas Gray, Esquire, OIL, Henry Ross, Assistant Attorney General, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, D.W. NELSON, and REINHARDT, Circuit Judges.

MEMORANDUM *

Kevin Gatheru Mbugua petitions for review of the denial of his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Finding Mbugua not credible, the Immigration Judge ("IJ") denied his application.[1] The decision was summarily affirmed by the Board of Immigration Appeals ("BIA"). Mbugua petitioned for review, and we deny his petition.

■ In a supplemental declaration and in his testimony before the IJ, Mbugua admitted that he lied about a number of issues in his case, both in his written submissions to the asylum office and at his asylum interview. On the basis of significant inconsistencies in his story that went to the heart of his claim for asylum, as well as inconsistent explanations as to why he lied, the IJ found Mbugua not credible and denied his application. The IJ provided "specific, cogent reason[s]" for his finding that were "substantial" and that bore "a legitimate nexus to the finding." *See Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000). Because the finding was supported by substantial evidence, we affirm the adverse credibility determination.

■ Mbugua claims that he was denied due process because the IJ failed to adequately consider relevant evidence. We need not decide whether the IJ actually failed to do so, because any such failure would not have been prejudicial. The evidence in question would not have undermined the credibility determination. Because he has not demonstrated prejudice, Mbugua has failed to establish a due process violation.

■ Mbugua next argues that he was denied his statutory right of confrontation because the IJ improperly relied on hearsay evidence in finding him not credible. The evidence to which he objects is the asylum officer's Assessment to Refer. Where inadmissible evidence is merely "duplicative or cumulative" of other evidence properly admitted, the error is harmless. *See Hughes v. Borg*, 898 F.2d 695, 700 (9th Cir.1990) (finding no constitutional violation where jury was mistakenly given extraneous—*but duplicative*—evidence). Here, the substantial inconsistencies in Mbugua's testimony, which formed the basis for the adverse credibility determination, were evident from a simple comparison of Mbugua's two written declarations. Mbugua introduced these declarations into evidence himself. Because the adverse credibility determination was supported by substantial evidence that was properly admitted, we will not reverse the IJ's determination.

■ Mbugua also argues that the IJ committed reversible error in failing to explain how the distinct legal standards for withholding of removal and CAT relief applied to the facts of his case. However, because no testimony was introduced other than Mbugua's, and because the IJ's adverse credibility determination undermined the viability of all three claims for relief, we must affirm the IJ's rejection of each of the claims. *Farah v. Ashcroft*, 348 F.3d 1153 (9th Cir.2003) ("[B]ecause we affirm the BIA's determination that Farah and his witnesses were not credible, we must similarly affirm the rejection of Farah's claim under the Convention Against Torture.").

■ Finally, we lack jurisdiction to hear Mbugua's claim that he was prejudiced by ineffective assistance of counsel at the asylum interview because he failed to raise this issue before the BIA. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th

---

1. The IJ additionally denied Mbugua's application because he failed to show that his persecution was "on account of" one of the five enumerated grounds, and because of changed country conditions in Kenya. Because we decide the case on adverse credibility grounds, we have no need to consider the validity of these determinations.

Cir.2000) (requiring "an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA"); *see also Puga v. Chertoff,* 488 F.3d 812, 816 (9th Cir.2007).

For the foregoing reasons, Mbugua's petition for review is DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.