**Eusebio CALDERON FLORES,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 07–70433.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

H. Nelson Meeks, Esq., Law Office of H. Nelson Meeks, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Russell J.E. Verby, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Eusebio Calderon Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Calderon Flores' motion as untimely because it was filed more than eighteen months after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must generally be filed within ninety days of the final administrative decision), and Calderon Flores failed to establish grounds for sufficient equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud or error," as long as the petitioner acts with due diligence).

We lack jurisdiction to review Calderon Flores' contention that his first immigration attorney provided ineffective assistance because Calderon Flores failed to raise that issue before the BIA. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (requiring "an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA").

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

