Bernardo ONTIVEROS–
LOPEZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

Nos. 97–70752, 97–71187, 98–70877.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1999

Filed May 24, 2000

Gary Finn, Coachella, California, for the petitioner.

Frank W. Hunger, Kristen A. Giuffreda and Elizabeth A. Walsh, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

Before: BRUNETTI, WARDLAW, and W. FLETCHER, Circuit Judges.

W. FLETCHER, Circuit Judge:

Petitioner Bernardo Ontiveros–Lopez seeks review of three decisions of the Board of Immigration Appeals ("BIA"). Ontiveros–Lopez alleges that he was denied due process of law because of ineffective assistance of counsel at his deportation hearing. Despite Ontiveros–Lopez's asserted innocence, counsel did not dispute deportability. Instead, his attorney sought relief from deportation based on Ontiveros–Lopez's wife's status as a United States citizen. In fact, counsel misread the law, and relief was statutorily unavailable to Ontiveros–Lopez on this basis.

The BIA affirmed the order of deportation entered by the Immigration Judge ("IJ") on its merits. Ontiveros–Lopez then retained new counsel and moved to reopen his deportation proceedings, claiming that his original counsel had been ineffective. The BIA denied this motion on procedural grounds. When Ontiveros–Lopez moved for reconsideration, the BIA denied this motion also.

Ontiveros–Lopez has filed with this court petitions for review of each of these three BIA decisions. We deny the petition for review of the BIA's affirmance of the order of deportation. We grant the petition for review of the BIA's denial of the motion to reopen and hold that the BIA abused its discretion when it refused to reopen Ontiveros–Lopez's case. Accordingly, we remand to the BIA for consideration of Ontiveros–Lopez's claim of ineffective assistance of counsel. We dismiss the third petition as moot.

## I

Ontiveros–Lopez is a Mexican citizen who became a lawful permanent resident of the United States on December 12, 1993, by virtue of his marriage to a United States citizen. Ontiveros–Lopez and his wife have two children who were born in the United States. On August 23, 1995, Ontiveros–Lopez's car was stopped at an INS checkpoint near Westmoreland, California, and he was detained, arrested, and interrogated by INS agents. At the time of the stop, Ontiveros–Lopez was accompanied by his wife and his sister, an undocumented alien. His wife and sister were also detained and placed under arrest.

Ontiveros–Lopez was placed in deportation proceedings via the issuance and service of an Order to Show Cause ("OSC"). The OSC charged Ontiveros–Lopez with deportability under the Immigration and Nationality Act for aiding and abetting his undocumented sister's attempted unlawful entry into the United States. *See* 8 U.S.C. § 1227(a)(1)(E)(i).[1] Ontiveros–Lopez contends that he played no role in his sister's unlawful entry and that he learned she was in this country only after she had entered. Nevertheless, at the deportation hearing on July 19, 1996, Ontiveros–Lopez's counsel admitted all the allegations of the OSC and conceded Ontiveros–Lopez's deportability from the United States.

Counsel then moved for relief from deportation on the basis of Ontiveros–Lopez's marriage to a United States citizen. This approach was based on an obvious mistake of law. Under the clearly applicable law (subject to exceptions not available to Ontiveros–Lopez), a person deported for alien smuggling is statutorily ineligible for relief from deportation and permanently

---

1. At the time the OSC issued, this section was codified at 8 U.S.C. § 1251(a)(1)(E)(i).

inadmissible to the United States. *See* 8 U.S.C. § 1182(a)(6)(E). Thus, as a direct result of counsel's error, the IJ had no choice but to enter an order of deportation based on the concession of deportability and to deny relief from deportation as a matter of law. Counsel filed an appeal with the BIA raising the same flawed legal claims that he had pursued before the IJ. The BIA affirmed the IJ's decision on May 28, 1997.

Ontiveros–Lopez engaged new counsel on June 26, 1997. On June 27, 1997, just within the 30–day time period for seeking review of the BIA's affirmance of the deportation order, new counsel filed a petition for review of that decision with this court on Ontiveros–Lopez's behalf ("first petition"). The first petition urges us to reverse the BIA's decision because of ineffective assistance of counsel at the deportation hearing.

Also on June 27, 1997, the day after he was retained, new counsel requested Ontiveros–Lopez's records from his prior counsel. Prior counsel never complied with this request. In a request received by the INS on July 1, 1997, Ontiveros–Lopez's new counsel also sought a copy of the hearing records from the INS. The INS never responded. Then, on July 17, 1997, new counsel wrote directly to the immigration court that had held Ontiveros–Lopez's deportation hearing. He requested the opportunity to review Ontiveros–Lopez's file and to make copies of the relevant documents, but the immigration court did not provide access to the record. In fact, it was only during the ordinary course of required filings in this court in connection with the first petition that the INS supplied a copy of the record of proceedings before the IJ.

The INS filed the administrative record with this court on August 19, 1997. The record before us does not reveal when new counsel received a copy, but we assume that he received it within a few days of

that date. The 90–day period in which to move the BIA to reopen the deportation proceedings expired on August 26, 1997, seven days after the record was filed in this court. *See* 8 C.F.R. § 3.2(c)(2). A motion to reopen is the procedural vehicle through which a petitioner may bring, usually for the first time, an ineffective assistance of counsel claim before the BIA. Such a motion, when based on a claim of ineffective assistance of counsel, is generally subject to the heightened procedural requirements announced in *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA), *aff'd sub nom. Lozada v. INS,* 857 F.2d 10 (1st Cir.1988). *See Escobar–Grijalva v. INS,* 206 F.3d 1331, 1335 (9th Cir.2000); *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000). Specifically, the BIA requires the movant to provide with his moving papers: 1) an affidavit explaining the agreement with his prior counsel regarding his legal representation; 2) evidence that prior counsel has been informed of the allegations of ineffective assistance and given the opportunity to respond; and 3) either a showing that a complaint against prior counsel has been filed with the proper disciplinary authorities or an explanation of the reasons why not. *See Matter of Lozada,* 19 I. & N. Dec. at 639.

On August 26, 1997, the last day to do so, Ontiveros–Lopez filed his motion to reopen with the BIA. Ontiveros–Lopez's new counsel submitted a declaration with the motion to reopen explaining that he was aware of the *Lozada* requirements and that, due to the late receipt of the record, he was still in the process of complying. Three weeks later, on September 18, 1997, the BIA denied the motion to reopen on the ground that Ontiveros–Lopez had failed to comply with the *Lozada* requirements. On October 20, 1997, Ontiveros–Lopez filed a petition for review in this court of the BIA's denial of the motion to reopen ("second petition").[2]

---

2. Since October 18, 1997, fell on a Saturday, Ontiveros–Lopez had until the following Monday to file his petition for review.

Also on October 20, 1997, Ontiveros–Lopez filed a motion to reconsider before the BIA. This motion contained all of the information required by *Lozada* to support a claim of ineffective assistance of counsel. The BIA denied the motion to reconsider on July 14, 1998. Ontiveros–Lopez again filed a petition for review on August 7, 1998, this time seeking review of the BIA's denial of the motion to reconsider ("third petition").

All three petitions are before us.

## II

 The first petition seeks to present Ontiveros–Lopez's claim of ineffective assistance of counsel as part of a direct review of the BIA's affirmance of the IJ's deportation order. Unlike most claims of error, a claim of ineffective assistance of counsel, by its nature, can rarely be presented to the BIA on direct appeal. Thus, in the vast majority of cases, the BIA would never have the opportunity to consider a claim of ineffective assistance of counsel absent a motion to reopen. We generally will not consider a claim of error that the BIA has not first been given the opportunity to correct because to do so deprives us of the benefit of the agency's expertise and a fully developed record. *See Roque–Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985). We therefore require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA. *See id.; see also Liu v. Waters*, 55 F.3d 421, 426 (9th Cir.1995).

Ontiveros–Lopez filed his first petition before he properly exhausted his ineffective assistance of counsel claim before the BIA. The first petition appeals the BIA's affirmance of the deportation order based on his prior counsel's concession of Ontiveros–Lopez's deportability and his statutory ineligibility for relief. While we could review that ruling for its soundness, Ontiveros–Lopez instead urges us to grant relief on the basis of ineffective assistance of counsel. This we cannot do. Ontiveros–Lopez's direct appeal of the IJ's deportation order to the BIA did not present ineffective assistance of counsel as a ground for relief, and the BIA did not have the opportunity to develop a record and pass on the issue. We therefore deny the first petition for its failure to satisfy the administrative exhaustion requirement.

## III

The second petition asks us to review the BIA's denial of Ontiveros–Lopez's motion to reopen his deportation proceedings on the basis of ineffective assistance of counsel. The motion to reopen squarely presented the ineffective assistance of counsel claim to the BIA, and the claim has therefore been properly exhausted.

 We have jurisdiction to review the BIA's denial of the motion to reopen under Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a).[3] We review the denial of a motion to reopen for an abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). "An abuse of discretion will be found when the denial was arbitrary, irrational or contrary to law." *Watkins v. INS*, 63 F.3d 844, 847 (9th Cir.1995) (internal quotation marks omitted).

 We hold that the BIA abused its discretion in this case. Although the BIA acts within its discretion to impose the

---

3. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996), repeals Section 106(a), but that repeal does not affect this case. The pre-IIRIRA INA jurisdictional provision applies—altered only by certain "transitional changes to judicial review"—to deportation cases that were pending before April 1, 1997, and in which the final order of deportation is not filed until after October 30, 1996. *See* IIRIRA § 309(c), *available in* 8 U.S.C.A. § 1101 historical and statutory notes; *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). The BIA's order on the motion to reopen was filed on September 18, 1997.

heightened *Lozada* procedural requirements, *see* 8 C.F.R. § 3.2(c); *INS v. Jong Ha Wang*, 450 U.S. 139, 145, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam), it may not impose the *Lozada* requirements arbitrarily. *See Castillo–Perez v. INS*, 212 F.3d 518, 525–27 (9th Cir.2000); *Escobar–Grijalva*, 206 F.3d at 1335 (describing the requirements of *Lozada* as "reasonable rules for the normal ineffective assistance claim" but "not dispositive" under the circumstances of the case). In this case, the BIA may not ignore counsel's declaration, attached to the motion to reopen, describing his diligent efforts to obtain the materials necessary for meeting the *Lozada* standard. Documents were requested from Ontiveros–Lopez's original counsel, but to no avail. Moreover, the administrative tribunal itself failed to respond to counsel's request to provide copies of the exhibits submitted to the IJ. Only in the week preceding the deadline to file the motion to reopen did counsel obtain a copy of the exhibits, and then only when the administrative record was served on him pursuant to his first petition for review filed in this court.

Ontiveros–Lopez and his new counsel could not competently supply the required *Lozada* materials without recourse to a substantially complete record of proceedings. While Ontiveros–Lopez may have been able to attest to his own understanding with his prior counsel absent the record, he and his new counsel could not be expected to identify the specifics of counsel's deficient performance without reference to an accurate and substantially complete record of the filings and proceedings before the IJ. Without that information, Ontiveros–Lopez could neither notify prior counsel of his allegations and give him the opportunity to respond, nor responsibly draft a complaint to the state bar.

We therefore remand the motion to reopen to the BIA so that it can address Ontiveros–Lopez's claim of ineffective assistance of counsel on the merits. If the BIA denies the motion on the merits, Ontiveros–Lopez will be free to petition this court for review of that decision.

## IV

Because we grant relief on Ontiveros–Lopez's second petition, we dismiss his third petition as moot.

We **DENY** petition 97–70752. We **GRANT** petition 97–71187 and **REMAND** to the BIA for a determination of Ontiveros–Lopez's ineffective assistance of counsel claim on its merits. We **DISMISS** petition 98–70877 as moot.