**Jose Luis Orona ZAMORA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71506.
Agency No. A75–301–793.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 20, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

Jose Luis Orona Zamora, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(b). We review for substantial evidence the determination that the petitioner failed to establish eligibility for relief and will uphold the decision unless the evidence compels reversal. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

Petitioner did not provide direct and specific evidence to establish either past

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

persecution or a reasonable fear of persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000). Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

We lack jurisdiction over petitioner's contention that ineffective assistance of counsel denied him due process because he has not administratively exhausted this claim. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (holding ineffective assistance of counsel claim must be administratively exhausted by first presenting the issue to the BIA).

PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.