**Surinder SINGH, Petitioner,**

v.

**John ASHCROFT, United States Attorney General Respondent.**

No. 02–71278.
Agency No. A70–100–746.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2004.*

Decided March 30, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earl A. Sylva, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael J. Dougherty, Anthony W. Norwood, Washington, DC, for Respondent.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

### MEMORANDUM**

Petitioner Surinder Singh, a citizen of India, petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming without opinion an order of exclusion issued by an Immigration Judge ("IJ"). Petitioner asserts that it was an abuse of discretion for the IJ to deny petitioner's motion to reconsider the IJ's previous denial of petitioner's motion to reopen his exclusion proceedings. We have jurisdiction under section 106(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a)(1), and deny the petition for review.

Where, as here, the BIA affirms without opinion the decision of the IJ, the IJ's decision constitutes the final agency determination for purposes of our review. *See* 8 C.F.R. § 1003.1(e)(4) (2003). A denial of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a motion to reopen is reviewed for abuse of discretion, which will only be found when the denial was "arbitrary, irrational, or contrary to law." *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000).

■ Petitioner does not dispute that the INS mailed a "Notice of Master Calendar Hearing" to petitioner's Selma, California address on September 6, 1991, or that a copy of the IJ's *in absentia* exclusion order was mailed to that same address following the September 26, 1991 exclusion hearing that petitioner did not attend. This was the address petitioner had provided to the INS. The crux of petitioner's assertion is that when he failed to appear at the September 26, 1991 hearing, the INS was required by regulation to serve him notice of the hearing again either by personal delivery or by certified mail.

Petitioner's argument is not supported by the relevant INS regulations in effect at the time of his hearing. According to 8 C.F.R. § 236.5(a) (1991), in exclusion proceedings, "[t]he Immigration Judge shall inform the applicant of his or her decision in accordance with 8 C.F.R. § 3.35." Section 3.35 stated that written decisions "shall be served on the parties *by first class mail to the most recent address contained in the Record of Proceeding*, or by personal service." 8 C.F.R. § 3.35 (1991) (emphasis added). Pursuant to this regulation, the INS sent both the notice of hearing and a copy of the IJ's *in absentia* order to petitioner's Selma, California address.[1]

■ In denying petitioner's motion to reconsider the denial of petitioner's motion to reopen, the IJ found that the INS sent notice reasonably calculated to reach petitioner. Furthermore, the IJ correctly found that no then-applicable INS regulation required that notice be delivered by personal service or via certified mail. As there was no INS regulation in 1991 that specified the manner of service for notices of exclusion hearings, and the INS complied with the then-applicable regulations on the service of exclusion orders, we conclude that the IJ did not act "arbitrarily, irrationally, or contrary to law," *Ontiveros–Lopez*, 213 F.3d at 1124, in denying petitioner's motion to reopen, and in later denying petitioner's motion for reconsideration.

■ Further, petitioner's motion to reopen was not timely. The regulations were revised to establish a time-limit on motions to reopen, effective July 1, 1996. 61 Fed. Reg. 18900 (April 29, 1996). Under the revised regulation, petitioner had a duty to file his motion to reopen "not later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 3.23(b)(4)(i) (1997). The *in absentia* order of exclusion was issued September 26, 1991. Petitioner's motion to reopen was not filed until May 21, 2001, more than four years too late, and he has not shown "exceptional

---

1. In his briefing, petitioner cites to 8 C.F.R. § 242.1(c) (1991), which provided for personal service in certain situations in the deportation context. However, aliens in exclusion proceedings stand in a different position than aliens in deportation proceedings. *See Barney v. Rodgers*, 83 F.3d 318, 319–20 (9th Cir.1996) ("The difference between exclusion and deportation is more than mere nomenclature.

Aliens in deportation proceedings are afforded procedural protections not available to aliens in exclusion proceedings.") (internal citation omitted). Because of this distinction, we decline to apply the more rigorous standards for service of process in deportation proceedings to petitioner's case in exclusion proceedings.

circumstances" that would toll the time-limit.

**PETITION FOR REVIEW DENIED.**