**Amarjit SINGH, Petitioner–Appellant,**

v.

**Michael CHERTOFF, Secretary for the Department of Homeland Security, Respondent–Appellee.**

No. 04–17071.

D.C. No. CV–03–04901 (SI).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided Sept. 12, 2005.

Robert B. Jobe, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner–Appellant.

Edward A. Olsen, Office of the U.S. Attorney, San Francisco, CA, for Respondent–Appellee.

Before CANBY and HAWKINS, Circuit Judges, and DUFFY,* District Judge.

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District

## MEMORANDUM**

Petitioner, a citizen of India and member of the Sikh religion, illegally entered the United States in 1994 and was charged with deportability. Petitioner conceded deportability and filed an application for asylum, contending that he feared persecution on account of his political opinion and religion. After a full hearing, an Immigration Judge ("IJ") denied Petitioner's application. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), which summarily affirmed the IJ's decision without opinion on November 21, 2002.

Petitioner claims that he was deprived of an opportunity to appeal the BIA's decision to this Court, because Petitioner's counsel moved office suites after filing Petitioner's appeal with the BIA, failed to notify the BIA of this change, and never received a copy of the BIA's decision. Petitioner thus filed a habeas corpus petition in the Northern District of California (the "District Court"). Relying on ineffective assistance of counsel grounds, Petitioner requested that the District Court order the BIA to re-issue its opinion to allow Petitioner to file a timely petition for review with this Court. The District Court dismissed this petition without prejudice, finding that: (1) Petitioner failed to exhaust his administrative and judicial remedies before bringing suit; and (2) Petitioner failed to comply with the procedural requirements set forth in *Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1998). Petitioner appeals that decision.

Subsequent to Petitioner's appeal, the REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231, went into effect. Generally speaking, the Act eliminated district courts' jurisdiction to review any "final order" of removal or any "question[ ] of law or fact" "arising from any ... proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9) (as amended by REAL ID Act § 106(a)(2)). In addition, with respect to deportation cases commenced before April 1, 1997 (such as the one here), any previously filed habeas petition pending in district court at the time of the enactment of the REAL ID Act is "treated as if it has been filed as a petition for review" under 8 U.S.C. § 1252(b)(9), except that the thirty day deadline for filing such petitions does not apply. *See* 8 U.S.C. § 1252(note) (as amended by REAL ID Act § 106(c)). Petitioner's habeas petition was not pending before the District Court on the aforementioned date. But, because Petitioner's appeal of the District Court's order denying his habeas claim was pending before this Court when the REAL ID Act was passed, we will treat Petitioner's appeal of the District Court's decision as a timely petition for review.

We must, however, dismiss this petition. It is undisputed that Petitioner never raised his ineffective assistance claims with the BIA. Having thus failed to exhaust his administrative remedies, Petitioner cannot now seek relief from this Court. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) ("We therefore require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (noting that "a court of appeals is not the appropriate forum to raise questions in the first instance" and that "other avenues for remedies, if available, must be pursued before raising issues in

of New York, sitting by designation.

this court"). Moreover, Petitioner did not comply with the procedures established by the BIA in *Lozada,* which this Court has adopted. *See Iturribarria v. INS,* 321 F.3d 889, 900 (9th Cir.2003) ("Before making an ineffective assistance of counsel claim, an alien generally must comply with procedural requirements established by the BIA in *Matter of Lozada* and adopted by this court.") (citation omitted).

Accordingly, the petition for review is **DISMISSED.**

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.