Celia ONOFRE–GOMEZ;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74981.
Agency Nos. A78–076–391, A78–076–392.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM**

Celia Onofre–Gomez and Juan Rivera–Garduno, wife and husband and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo purely legal questions including due process claims. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part, and dismiss in part, the petition for review.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Petitioners' contention that the BIA should have invoked its sua sponte authority to reopen is unavailing because we lack jurisdiction to review the BIA's decision whether to invoke that authority. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

Petitioners' contention that their failure to file a timely motion to reopen should be excused so that we may correct a "miscarriage of justice" is also unavailing. The "miscarriage of justice" to which petitioners point is the Immigration Judge's ("IJ") alleged failure to consider an unsigned letter in finding that petitioners had not satisfied the continuous physical presence requirement for cancellation of removal. Petitioners cannot show that they were prejudiced by that failure, however, because the IJ also found that petitioners had not met the "exceptional and extremely unusual hardship" requirement.[1] *See* 8 U.S.C. § 1229b(b)(1); *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1006–07 (9th Cir.2003) (petitioner must show prejudice to prevail on a due process claim).

Finally, petitioners' contention that reopening is warranted based on a "substantial constitutional question" is unavailing. This claim is nothing more than an ineffective assistance of counsel claim, which petitioners never raised to the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) ("We ... require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.").

1. Petitioners' argument that the IJ had no jurisdiction to make a hardship determination once he found that the physical presence requirement had not been met finds no support in the law.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.