Stivan SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–72573.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Teresa Salazar, Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., U.S. Department of Justice, Civil Division, Office of Immigration, Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

MEMORANDUM **

Stivan Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen exclusion proceedings due to ineffective assistance of counsel. To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely, because Singh failed to explain why his motion to reopen, based solely on the ineffective assistance of his attorney, Mr. Maina, was filed more than two years after he retained a different attorney, Mr. Goswami. *See id.* at 897 (holding that a petitioner must act with due diligence when pursuing an ineffective assistance of counsel claim to benefit from equitable tolling of deadlines).

We lack jurisdiction to consider Singh's claim that all of his prior attorneys acted ineffectively, because he did not raise that issue before the BIA. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.