**YINSHENG WANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–71849.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2009.*

Filed Feb. 23, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Michele Mack Liedeker, Esquire, Michele Mack Liedeker Law Office, Berkeley, CA, for Petitioner.

Before: CANBY, GOULD and BYBEE, Circuit Judges.

## MEMORANDUM **

The facts of this case are known to the parties and we do not repeat them here, except as is necessary to explain our decision. Yin Sheng Wang petitions for review of the Board of Immigration Appeals' (BIA) affirmance, without opinion, of an Immigration Judge's (IJ) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

The record in this case is replete with inconsistencies between Wang's testimony before the agency and his asylum declaration, as well as other inconsistencies between the same testimony and Wang's 2004 visa application.[1] In light of these inconsistencies as well as Wang's failure to provide readily available corroborating evidence requested by the IJ, we cannot conclude that the IJ's adverse credibility finding—and his consequent decision that Wang had failed to demonstrate eligibility for asylum—was unsupported by substantial evidence. *See Malkandi v. Mukasey*, 544 F.3d 1029, 1040 (9th Cir. 2008) ("[W]e may reverse a BIA credibility determination only if the evidence that the petitioner presented was so compelling that no reasonable factfinder could find that [the petitioner] was not credible." (internal quotation marks omitted) (alteration in original)).

Similarly, the IJ's adverse credibility finding mandates that we reject Wang's claim for withholding of removal, which requires a higher standard of proof than that applicable to asylum claims. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995). Finally, we reject Wang's CAT claim because, other than testimony that the IJ reasonably found to be not credible, Wang has presented no evidence that he would likely be the victim of torture upon his return to China.

To the extent Wang makes an ineffective assistance of counsel claim, we will

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. These discrepancies include, but are not limited to, the following: (1) Wang testified that Chinese authorities transported him to a cave inside a mountainous region, two and a half hours by car from Beijing, while his asylum declaration claimed that he was detained "in Beijing," without any reference to a cave or a mountainous region; (2) Wang testified that he was interrogated multiple times and beaten once during the period of his detention, while his declaration did not mention any such interrogations or physical abuse; (3) Wang testified at the hearing that he was visited by a representative of the Embezzlement Bureau the first day after his return to Tieling, while his declaration stated that the visit took place two days later; (4) Wang told the asylum officer that he was interrogated on three occasions by officials in the corruption department prior to visiting Beijing, while he testified before the IJ that the interrogations took place in late June and early July, after both trips to Beijing as well as after his alleged arrest and subsequent detention; (5) Wang testified in response to government questioning that, on July 10, 2004, he and his child were approached by gangsters who threatened to kill him, which he had not mentioned in his declaration or on direct examination; (6) Wang initially acknowledged that he had signed his visa application form but then retracted that statement; (7) Wang told an asylum officer that he had been interrogated for a two hour period at the cave on two occasions, while he testified on direct examination that the first interrogation only lasted approximately twenty minutes.

not consider it because he did not present any such claim to the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

**PETITION DENIED.**