MEMORANDUM **
Petitioners Isabel Ignacio Lopez Torres and Griselda Torres Torres, husband and wife and natives and citizens of Mexico, petition for review of a Board of Immigration Appeals order dismissing their appeal from an immigration judge’s (IJ) decision denying their applications for cancellation of removal. We deny the petition for review to the extent we have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part to extent we lack jurisdiction.
Substantial evidence supports the IJ’s determination that the female petitioner did not meet the continuous physical presence requirement, because her testimony shows she consented to voluntary departure in lieu of being placed in deportation proceedings on two separate occasions in 2000, thereby interrupting her accrual of continuous physical presence in the United States. See Gutierrez v. Mukasey, 521 F.3d 1114, 1117-18 (9th Cir.2008).
We lack jurisdiction to consider the male petitioner’s unexhausted challenge to the Board’s moral character determination based on family unity waiver. Moran v. Ashcroft, 395 F.3d 1089, 1094 n. 3 (9th Cir.2005); Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir.2000).
Petitioners’ contention that the immigration judge failed to properly consider and weigh all evidence of hardship does not raise a colorable due process claim. Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005). The proceedings were not “so fundamentally unfair that [petitioners were] prevented from reasonably presenting [their] case.” Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.