MEMORANDUM **
Bakshi Subrai, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order summarily affirming an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Singh-Kaur v. INS, 183 F.3d 1147, 1149 (9th Cir.1999), and we dismiss in part and deny in part the petition for review.
The record does not compel the conclusion that Subrai was a credible witness because the IJ relied upon both specific and cogent reasons going to the heart of Subrai’s claim, see Chebchoub v. INS, 257 F.3d 1038, 1044 (9th Cir.2001), and upon Subrai’s failure to provide corroborating evidence, see Sidhu v. INS, 220 F.3d 1085, 1090-92 (9th Cir.2000).
Because Subrai failed to demonstrate eligibility for asylum, it follows that he did *128 not satisfy the more stringent standard for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because Subrai’s CAT claim is based on the same testimony the IJ found to be not credible, and Subrai points to no other evidence the IJ should have considered, he has failed to establish eligibility for CAT relief. See id. at 1157.
We lack jurisdiction to review Subrai’s claim of ineffective assistance of counsel because he failed to raise it before the BIA. See Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir.2000) (“an alien who argues ineffective assistance of counsel [is required to] exhaust his administrative remedies by first presenting the issue to the BIA”).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.