MEMORANDUM***
Rahmaiuiiah Mosammen, his wife, Faw-zia Mosammen, and their son, Mohdyosuf Mosammen, all natives and citizens of Afghanistan, petition for review of the Board of Immigration Appeals’ denial of an application for asylum,[1] and withholding of removal.[2] We deny the petition.[3]
The BIA’s determination that an alien is not eligible for asylum must be upheld if “ ‘supported by reasonable, substantial, and probative evidence on the record considered as a whole.’ ” INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). “It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.” Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). When an alien seeks to overturn the BIA’s adverse determination, “he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.” Elias-Zacarias, 502 U.S. at 483-84, 112 S.Ct. at 817; see also Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). When an asylum *232 claim is involved, an alien must show either past persecution, or a well-founded fear of future persecution that is “both subjectively genuine and objectively reasonable.” Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996) (en banc).
Here, the asylum claims fail. The Mosammens did not present evidence that would compel a finding of past persecution or a well-founded fear of future persecution connected to a protected ground— here religion or political opinion. See 8 U.S.C. § 1101(a)(42)(A); Navas v. INS, 217 F.3d 646, 655-56 (9th Cir.2000). While they complain of the laws passed and the acts of the Taliban when that group controlled Afghanistan, they had been out of that country for many years when the Taliban came to power, and none of those acts were directed at them personally. Moreover, the State Department 2002 Country Report showed that the Taliban had fallen and, while there is evidence of discrimination against women, discrimination alone is not persecution. See Fisher, 79 F.3d at 962-63 (clothing restrictions); see also Zehatye v. Gonzales, 453 F.3d 1182, 1186 (9th Cir.2006) (economic harm); Gormley v. Ashcroft, 364 F.3d 1172, 1178 (9th Cir.2004) (loss of employment); Li v. Ashcroft, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (persecution is an extreme concept).
Moreover, because the Mosammens have not met the eligibility requirements for a consideration of asylum, they have not met the standards for withholding of removal. See Farah, 348 F.3d at 1156, Ghaly, 58 F.3d at 1429. Thus, that avenue of relief also fails.[4]
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. 8 U.S.C. § 1158.

. 8 U.S.C. § 1231(b)(3). We note that the Mosammens have not presented arguments on appeal regarding relief under the Convention Against Torture. Thus, that issue is not properly before us. See Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir.2005).

.The government asserts that we do not have jurisdiction over the Mosammens' claim of past persecution because the claim was not exhausted. However, because the claim was sufficiently raised before the BIA, it was exhausted. See Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir.2000).

. The Mosammens suggest that the Immigration Judge erred when he did not inform Mrs. Mosammen that she could file a petition for asylum separate from that of her husband. See 8 C.F.R. § 1240.33(a). Even if we assume that the IJ erred, no prejudice is shown because the family was represented by counsel and, clearly, knew that separate petitions were possible, and because it is plain that Mrs. Mosammen's concerns were considered by the IJ in reaching his decision.