

FILED

**NOT FOR PUBLICATION**

FEB 11 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEATRICE JACQUELINE MARC MOINY; AURORE DELPHINE RAPHAI JENART, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-73879 <br><br> Agency Nos. A073-956-902 <br>       A073-949-700 <br><br><br> MEMORANDUM * |
| BEATRICE JACQUELINE MARC MOINY; AURORE DELPHINE RAFAJ JENART, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 06-72293 <br><br> Agency Nos. A073-956-902 <br>       A073-949-700 |

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| BEATRICE JACQUELINE MARC MOINY; AURORE DELPHINE RAPHAI JENART, | No. 07-72020 |
| Petitioners, | Agency Nos. A073-956-902 A073-949-700 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2010[**]
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.


In these consolidated petitions for review, Beatrice Moiny and her daughter Aurore Jenart, natives and citizens of Belgium, petition for review of the Board of Immigration Appeals' orders denying their motions to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for an abuse of discretion, Ontiveros-Lopez v. INS., 213 F.3d 1121, 1124

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

(9th Cir. 2000), and we review questions of this court's jurisdiction de novo. Didrickson v. U.S. Dept. of Interior, 982 F.2d 1332, 1337 (9th Cir. 1992).

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where petitioners filed their April 2005 motion to reopen over two years after the BIA's final order of removal, see 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of final order of removal), and where petitioners did not show they acted with due diligence in discovering the alleged deficiencies of their prior counsel. See Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir. 2003) (time in which to file motion to reopen may be equitably tolled "when petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

The BIA denied petitioners' October 2005 and November 2006 motions to reopen, and declined to exercise its discretion to sua sponte reopen proceedings. 8 C.F.R. § 1003.2. The BIA concluded that the petitioners did not provide any material information that would exempt them from the time and numerical limitations set forth in 8 C.F.R. § 1003.2, and did not demonstrate any exceptional circumstances for the BIA to exercise its sua sponte authority over their untimely

3

motions.   We agree that petitioners' new arguments in the October 2005 and

November 2006 motions to reopen do not constitute material evidence of "changed

circumstances arising in the country of nationality" necessary for an exception to

time and number limitations for motions to reopen.  8 C.F.R. §§ 1003.2(c)(2)-(3).

Because Petitioners made no showing before the BIA that would exempt them

from the time and number limitations, we lack jurisdiction to review the BIA's

decision not to invoke its <u>sua sponte</u> authority to reopen proceedings under 8

C.F.R. § 1003.2(a).  <u>See</u> <u>Ekimian v. INS</u>, 303 F.3d 1153, 1159 (9th Cir. 2002).


        Petitions for review **DISMISSED** in part; **DENIED** in part.


4