**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHUSHI RAM SHARMA; et al., | No. 07-74091 |
| Petitioners, | Agency Nos.     A078-657-611 |
| | A078-657-612 |
| v. | A078-657-613 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2011
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

Khushi Ram Sharma, Joytika Sharma, and Prashant K. Sharma (together, the

"Sharmas"), native citizens of Fiji, petition for review of the October 16, 2007

Board of Immigration Appeals' ("BIA") denial of their motion to reopen as

untimely. The Sharmas argue that the ninety-day deadline should be equitably

tolled because they received ineffective assistance of counsel.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. Ontiveros-Lopez v. INS., 213 F.3d 1121, 1124 (9th Cir. 2000).

We deny the Sharmas' petition for review on two independent grounds. First, the Sharmas did not provide their former representatives with adequate notice of the ineffective assistance of counsel claims. The BIA requires that petitioners provide former counsel with an opportunity to respond to ineffective assistance allegations before bringing these allegations to the BIA. Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). The Sharmas sent Mr. Jagprit Sekhon, their second representative, and Ms. Alisa Kaufman, their third representative, formal notice of and information regarding the allegations against them on April 17, 2007 — two days before the BIA received the motion to reopen. Ms. Kaufman had also received a phone call from the Sharmas' fourth counsel approximately two weeks prior to the filing, and Mr. Sekhon also had been informed by telephone on April 17, 2007. The Sharmas mailed Mr. Alberto Villela, their first representative, a letter of notification of the allegations against him on April 18, 2007. It is not clear from the record whether Mr. Villela received the letter mailed to him before the Sharmas filed the motion. The Sharmas failed to comply with the Lozada

requirement that prior representatives be given a reasonable opportunity to respond to ineffective assistance allegations before these allegations are presented to the BIA.

Second, the Sharmas do not merit equitable tolling of the ninety-day deadline because they failed to act with due diligence in uncovering their ineffective assistance of counsel claims. An alien generally must file his motion to reopen within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i). This ninety-day deadline may be tolled if the petitioner is prevented from filing the motion because of "deception, fraud, or error," as long as the petitioner acts with "due diligence in discovering the deception, fraud, or error." Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir. 2003). The Sharmas had reason to know of the availability of ineffective assistance of counsel claims in May 2004, when Ms. Kaufman raised this claim against Mr. Sekhon. The Sharmas were on notice that there could be, and had a duty to act diligently to investigate, ineffective assistance claims against Mr. Villela, Mr. Sekhon, and Ms. Kaufman when the BIA affirmed the Immigration Judge's denial of the Sharmas' asylum application on November 30, 2004. The Sharmas did not meet with their fourth representative until February 8, 2007. The BIA could reasonably conclude that the

Sharmas' actions fall short of the requisite level of due diligence to merit equitable tolling.

For the reasons discussed above, the BIA did not abuse its discretion in denying the Sharmas' motion to reopen. The Sharmas' petition for review is **DENIED**.