**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES McBARANGO,

    Petitioner,

 v.

ERIC H. HOLDER JR., Attorney General,

    Respondent.

No. 07-71068

Agency No. A077-966-532

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 20, 2012
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and TIMLIN,[**] Senior District
Judge.

 Charles McBarango ("McBarango"), a native and citizen of Nigeria,

petitions for review of a decision from the Board of Immigration Appeals ("BIA").

The BIA upheld the immigration judge's ("IJ") determination that McBarango had

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The Honorable Robert J. Timlin, Senior United States District Judge
for the Central District of California, sitting by designation.

been convicted of an aggravated felony that was also a particularly serious crime, thus rendering him ineligible for asylum and withholding of removal. The BIA also upheld the IJ's ruling that McBarango did not prove that it was more likely than not that he would be persecuted for his political beliefs upon his return to Nigeria, thus denying deferral of removal under the Convention Against Torture.

McBarango argues, for the first time in his petition for review, that errors by his second and third attorneys prejudiced his removal hearing and his appeal to the BIA. Because McBarango has not previously raised this claim with the BIA, we dismiss the claim for failure to satisfy the administrative exhaustion requirement. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).

McBarango also argues that the BIA erred in denying his request to continue his appellate proceedings while he awaited disposition of his wife's next-relative petition. McBarango argues that the BIA categorically denied his request, thus presenting a question of law that we have jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(D). We disagree with this characterization of the BIA's decision. The BIA did not categorically deny McBarango's request. To the contrary, it analyzed the individual factual circumstances of McBarango's case, ultimately exercising its discretion to deny the request. Because McBarango was convicted of an

2

aggravated felony, we do not have jurisdiction to review the BIA's discretionary

decision on this issue. *See id.* § 1252(a)(2)(C).

**PETITION DISMISSED**.