**NOT FOR PUBLICATION**

MAY 17 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYNON ROLANDO SOSA-SANTIAGO, aka Mynor Rolando Sosa-Santiago, | No. 13-70336 |
| Petitioner, | Agency No. A088-737-160 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 2, 2016
Seattle, Washington

Before: GRABER and BERZON, Circuit Judges, and CURIEL,[**] District Judge.

After being charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as

an immigrant present in the United States without admission or inspection,

Petitioner Mynon Sosa-Santiago applied for relief under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

Torture ("CAT"). On the advice of his counsel, he waived any claim to asylum or withholding of removal under 8 U.S.C. § 1231(b)(3). The immigration judge ("IJ") denied Sosa-Santiago's CAT claim. The Board of Immigration Appeals ("BIA") affirmed the IJ's ruling and denied Sosa-Santiago's motion to remand based on ineffective assistance of counsel. Sosa-Santiago challenges each of the BIA's rulings. We grant the petition in part and deny it in part.

1. The BIA erred in rejecting Sosa-Santiago's ineffective assistance of counsel claim for failure to comply with the procedural requirement of *In re Lozada* that "former counsel must be informed of the allegations and allowed the opportunity to respond." 19 I. & N. Dec. 637, 639 (B.I.A. 1988). Sosa-Santiago's counsel before the BIA filed a declaration explaining her efforts to contact his former counsel and noting that "[w]e have not yet received his response." The BIA discounted this declaration on the ground that, generally, "statements of counsel are not evidence." But statements of counsel filed under penalty of perjury attesting to relevant facts of which he or she has first hand knowledge are evidence of that which is attested to. As we have previously explained, "the BIA may not ignore counsel's declaration, attached to the motion to reopen, describing his diligent efforts to obtain the materials necessary for meeting the *Lozada* standard." *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1125 (9th Cir. 2000).

2

2. The BIA further erred in denying Sosa-Santiago's motion to remand on the ground that his waiver of a withholding of removal claim was "voluntary, knowing, and intelligent." Sosa-Santiago's former counsel never explained what a withholding of removal claim was, nor did he discuss Sosa-Santiago's potential eligibility for that relief. Instead, Sosa-Santiago's counsel told him that he was eligible for relief only under the CAT. While the IJ advised Sosa-Santiago of his right to apply for withholding of removal and explained the basic elements of that form of relief, he neglected to explain that a family can constitute a "particular social group" for the purpose of a withholding of removal claim. *See Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015) (noting that "the family remains the quintessential particular social group"). This fact was crucial for Sosa-Santiago's understanding of his potential eligibility for relief, as his fear of persecution is founded entirely on his membership in his family. Without understanding that his family group could form the basis of his withholding of removal claim, Sosa-Santiago's waiver of the claim could not have been "voluntary, knowing, and intelligent."

We therefore grant the petition with respect to the BIA's denial on waiver grounds. On remand, the BIA must consider Sosa-Santiago's ineffective assistance claim on its merits.

3

We note that as to any prejudice question, the BIA's CAT conclusion may not be controlling. The burdens of proof may vary, and the withholding and CAT forms of relief vary as to nature of the injury (persecution vs. torture) and the degree and nature of the governmental activity required. *Compare Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007) (describing the elements of a CAT claim), *with Wang v. Ashcroft*, 341 F.3d 1015, 1022 (9th Cir. 2003) (describing the elements of a withholding of removal claim).

3. "The BIA's findings underlying its determination that an applicant is not eligible for relief under the CAT are reviewed for substantial evidence." *Arteaga*, 511 F.3d at 944. Substantial evidence supports the BIA's denial of Sosa-Santiago's CAT claim.

"A petitioner seeking CAT relief must show that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Id.* at 948. As the BIA noted, Sosa-Santiago presented no proof that the drug traffickers whom he feared worked for the Guatemalan government. The evidence in the record does not compel the conclusion that Sosa-Santiago would more likely than not be tortured upon removal by, or with the acquiescence of, the Guatemalan government. *See Garcia-Milian v. Holder,* 755 F.3d 1026, 1031 (9th Cir. 2014).

4

We therefore deny the petition with respect to the BIA's denial of Sosa-Santiago's CAT claim.

4. Costs shall be awarded to the petitioner.

**GRANTED IN PART AND DENIED IN PART.**