**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONIA MARGARITA MORENO MORENO, FELICITA ISABEL ORTIZ MORENO, <br><br> Petitioners, <br><br> v. <br><br> JEFFREY A. ROSEN, Acting Attorney General, <br><br> Respondent. | No.  18-72053 <br><br> Agency Nos.  A206-716-962 <br> A206-716-963 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2021**
Pasadena, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BLOCK,*** District
Judge.

Sonia Margarita Moreno Moreno and her daughter, Felicita Isabel Ortiz

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

Moreno, both natives and citizens of El Salvador, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from an order of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Petitioners contend that they fear to return to El Salvador because of a history of domestic abuse perpetrated by Sonia's father and by Sonia's former partner, who is also Felicita's father. The IJ found that the Petitioners were not credible, and the BIA upheld that adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's adverse credibility determination. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (explaining that, in applying the substantial evidence standard, "[w]e reverse the BIA's decision only if the petitioner's evidence was 'so compelling that no reasonable factfinder could find that [she] was not credible'" (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003))). Specifically, the record supports the agency's finding that Petitioners were not credible based on multiple inconsistencies between (1) Sonia's testimony, (2) Felicita's testimony, (3) the testimony of

---

[1] Sonia's case was not initially consolidated with Felicita's. The agency, however, ruled on the applications together, and Petitioners filed a single petition before this court. We refer to Petitioners in the plural, however, because the agency considered both Sonia's and Felicita's testimony in its adverse credibility determination.

Sonia's parents, and (4) Petitioners' asylum applications and declarations. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (an IJ may assess credibility based on "the consistency between the applicant's or witness's written and oral statements," "the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record").

Petitioners fail to challenge significant inconsistencies in the record on which the agency relied in its adverse credibility determination. Notably, all four witnesses gave different answers to the questions when and how often the abuse inflicted by Sonia's father and Sonia's former partner occurred. Because Petitioners have forfeited any argument against reliance on these inconsistencies, we are compelled to uphold the adverse credibility determination on this basis.[2]

Finally, we consider whether any non-testimonial evidence in the record independently establishes that Petitioners face a likelihood of future torture in El Salvador and therefore qualify for CAT protection. *See Farah*, 348 F.3d at 1157. Although the country conditions evidence certainly indicates that there is widespread gang- and gender-based violence in El Salvador, this evidence does not meet the high bar of independently proving that Petitioners face a greater than 50% likelihood of torture. *Cf. Lianhua Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir.

---

[2] Because Petitioners' asylum and withholding claims are defeated by the adverse credibility determination, we need not address their argument regarding the protected social group of which they claim membership.

2014); *Garcia v. Holder*, 749 F.3d 785, 792 (9th Cir. 2014).[3]

**PETITION DENIED.**

---

[3] We may not consider Petitioners' ineffective assistance of counsel claim, which was not raised before the agency. *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require a[ noncitizen] who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.").