**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Vasile Popovici, | No. 21-541 |
| Petitioner, | Agency No.   A059-973-500 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 19, 2023**
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and MORRIS,*** District
Judge.

Petitioner Vasile Popovici, a native of Romania, petitions for review of a

decision of the Board of Immigration Appeals ("BIA"), dismissing an appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

from an order of an Immigration Judge ("IJ"), sustaining the charge of removability and finding that Popovici had abandoned his lawful permanent resident status. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and dismiss in part the petition.

1.      Popovici argues that the BIA erred in affirming the IJ's finding that he abandoned his lawful permanent resident ("LPR") status. Whether Popovici abandoned his LPR status "is an intrinsically fact-specific question and is therefore reviewed under the substantial evidence standard." *Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir. 2003). The government bears the burden of proving by "clear, unequivocal, and convincing evidence that [Popovici]'s status has changed." *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997). Combining our standard of review with the government's burden, we must decide "whether substantial evidence supports a finding by clear, unequivocal, and convincing evidence that [Popovici] abandoned his lawful permanent residence in the United States." *Khodagholian*, 335 F.3d at 1006.

To qualify for re-entry as a returning resident alien, a noncitizen "must be returning to an 'unrelinquished lawful permanent residence' after a 'temporary visit abroad.'" *Singh*, 113 F.3d at 1514 (quoting *Matter of Huang*, 19 I. & N. Dec. 749, 753 (1988)). A temporary visit abroad is one that is for "a period relatively short, fixed by some early event," or "will terminate upon the occurrence of an event having a reasonable possibility of occurring within a relatively short period of time." *Chavez-Ramirez v. INS*, 792 F.2d 932, 937 (9th

2

Cir. 1986). If "the length of the visit is contingent upon the occurrence of an event and is not fixed in time and if the event does not occur within a relatively short period of time, the visit will be considered a 'temporary visit abroad' only if the alien has a continuous, uninterrupted intention to return to the United States during the entirety of his visit." *Id.* Factors relevant to whether a noncitizen held a continuous, uninterrupted intent to return to the U.S. include the noncitizen's family ties, property holdings, and business affiliations within the United States; the duration of residence in the United States; family, property, and business ties in the foreign country; the noncitizen's conduct outside the United States, including whether he conferred with American officials during his visit about retaining his status; and the noncitizen's purpose in departing the United States. *See id.*; *Khodagholian*, 335 F.3d at 1007; *Huang*, 19 I&N Dec. at 753.

In this case, between the time when Popovici first came to the U.S. in 2009 and his attempt to return in 2016, Popovici spent approximately five weeks in the U.S. He never established a residence in the U.S., staying instead with his brother. He never filed taxes in the U.S., and never opened a bank account. When he returned to Romania in 2010, he became involved in several multi-million Euro projects as a volunteer, consultant, and project manager. Considering these circumstances, substantial evidence supports the IJ's finding by clear, unequivocal, and convincing evidence that Popovici abandoned his LPR status. *See Singh*, 113 F.3d at 1515; *Huang*, 19 I&N Dec. at 756–57.

3

Popovici argues that he had a continuous, uninterrupted intention to return to the U.S. during the entirety of his return to Romania but was prevented from returning due to the ongoing projects at his foundation, which ended in 2015. The delay caused by those ongoing projects is not the type of delay outside of a noncitizen's control that we have found to be consistent with an intent to return. *Compare Chavez-Ramirez*, 792 F.2d at 937–38 (noncitizen's decision to remain in Mexico for two and a half years after her ill mother no longer needed her weighed in favor of finding abandonment) *with Khodagholian*, 335 F.3d at 1005, 1007 (noncitizen's 15-month trip to Iran was not evidence of abandonment when noncitizen was required to remain in Iran involuntarily because of an unpaid tax bill). But even if Popovici intended to return to the U.S., his "desire to retain his status as a permanent resident, without more, is not sufficient; his actions must support his professed intent." *Singh*, 113 F.3d at 1515 (citing *Huang*, 19 I&N Dec. at 753). Because substantial evidence supports the IJ's finding, we deny the petition as to Popovici's claim of error related to the abandonment of his LPR status.

2.      Popovici raises a due process claim for the first time on appeal. His claim relates to his attorney's failure to request voluntary departure. As a prudential matter, we generally require a noncitizen who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000). To do otherwise deprives this court of the benefit of the agency's

expertise and a fully developed record. *Id.* "A motion to reopen is the procedural vehicle through which a petitioner may bring, usually for the first time, an ineffective assistance of counsel claim before the BIA." *Id.* at 1123. We therefore dismiss the petition as to Popovici's claim of ineffective assistance of counsel.

**PETITION DENIED IN PART, DISMISSED IN PART.**