**Sarinder SINGH, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–73610.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.\*

Filed April 27, 2009.

Hardeep Singh Rai, Tsz–Hai Huang, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Lisa A. Cherup, Esq., U.S. Department of

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice Environmental Enforcement Section, Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Sarinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review findings of fact, including adverse credibility determinations, for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on Singh's submission of two fraudulent documents that go to the heart of his claim. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). Accordingly, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

We lack jurisdiction to consider Singh's CAT claim because that issue was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.

2004). To the extent Singh contends his former attorney provided ineffective assistance of counsel, we lack jurisdiction to consider this claim because it was not exhausted before the BIA. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

