MEMORANDUM *
Tauchid Siregar, a native and citizen of Indonesia, petitions for review of a deci *652 sion of the Board of Immigration Appeals (“BIA”) denying his motion to reopen removal proceedings to apply for asylum and cancellation of removal. The BIA concluded that the motion was untimely filed and did not fall within the timeliness exception for changed circumstances. We deny the petition for review.
We review for abuse of discretion the BIA’s denial of Siregar’s motion to reopen. See Franco-Rosendo v. Gonzales, 454 F.3d 965, 966 (9th Cir.2006). Such motions may be denied when an alien either does not meet the regulatory requirements for reopening or fails to make out a prima facia case for the relief sought. INS v. Abudu 485 U.S. 94, 104-105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
It is uncontested that Siregar filed his motion to reopen past the applicable 90-day deadline. That fact is fatal to Sire-gar’s attempt to reopen for further consideration of his claim for cancellation of removal. See 8 C.F.R. § 1003.2(c)(2).
With regard to his application for asylum and withholding of removal, Sire-gar contends that the BIA erred in failing to excuse his untimeliness under the exception for motions to reopen for consideration of asylum and withholding claims “based on changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii). Along with his motion to reopen, Siregar presented evidence of the massive tsunami that ravaged Indonesia in 2004, along with some documentation intended to demonstrate that this tsunami had inspired anti-Western backlash that would subject Siregar to increased hostility as a “Westernized” Indonesian.
The BIA held that Siregar had failed to make a prima facie case for the relief sought, observing that “natural disasters and generalized conditions of violence do not qualify an alien for asylum.” Mindful of the extremely deferential standard of review, we conclude that this ruling was not an abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Siregar’s eviden-tiary offerings were generalized and attenuated, consisting mainly of century-old articles regarding the eruption of Krakatoa that presented very little concrete evidence of modern anti-Western backlash or its likelihood of being applied to Siregar. The BIA reasonably could have concluded that this showing was inadequate to satisfy the changed conditions exception to the 90-day time limit.
Finally, we cannot entertain Sire-gar’s claim of ineffective assistance of counsel raised for the first time before this court. The BIA has had no opportunity to address this claim; Siregar did not file an independent motion to reopen on this ground once the allegedly deficient performance of his attorney was made known to him. We cannot review this unexhaust-ed claim. See Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir.2000). Cases cited by Siregar do not support his position that equity demands that we entertain this claim; the petitioners in those cases all filed secondary motions to reopen before the BIA on the ground of ineffective assistance of counsel. See, e.g., Rodriguez-Lariz v. INS, 282 F.3d 1218, 1222 (9th Cir.2002).
The BIA’s denial of Siregar’s untimely motion to reopen was not an abuse of discretion, and we cannot entertain his *653 unexhausted claim of ineffective assistance of counsel.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.