**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA GLORIA AVALOS-ESCALANTE, | No. 08-70488 |
| Petitioner, | Agency No. A098-432-311 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

Ana Gloria Avalos-Escalante, a native and citizen of El Salvador, petitions

pro se for review of a Board of Immigration Appeals order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MVD/Inventory

withholding of removal and protection under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings

for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.

2008), and deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding

of removal because Avalos-Escalante failed to show her alleged persecutors

threatened her on account of a protected ground. Her fear of future persecution

based on an actual or imputed anti-gang or anti-crime opinion is not on account of

the protected ground of either membership in a particular social group or political

opinion. *See Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009);

*Santos-Lemus* at 745-46; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001)

("Asylum generally is not available to victims of civil strife, unless they are singled

out on account of a protected ground.")

Substantial evidence also supports the Board's denial of CAT relief based on

the Board's finding that Avalos-Escalante did not establish a likelihood of torture

by, at the instigation of, or with the consent or acquiescence of the El Salvadoran

government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**