NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN RICARDO PAMATZ-LUQUIN, | No. 08-74667 |
| Petitioner, | Agency No. A071-945-716 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Juan Ricardo Pamatz-Luquin, a native and citizen of Mexico, petitions for
review of a Board of Immigration Appeals order dismissing his appeal from an
immigration judge's (IJ) denial of his application for cancellation of removal. We
dismiss the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the agency's discretionary determination that Pamatz-Luquin failed to show exceptional and extremely unusual hardship to his U.S. citizen children. 8 U.S.C. § 1252(a)(2)(B); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

Pamatz-Luquin contends that the brevity of the IJ's explanation of the hardship determination in her decision, as well as her failure to expressly articulate that the documentary evidence was cumulatively considered, establishes that the agency did not fully consider the hardship evidence or consider it in the aggregate. We disagree. The record reflects that Pamatz-Luquin was given an opportunity to present evidence at the IJ hearing and that the IJ was aware of this evidence when she rendered her decision. Pamatz-Luquin also contends the Board did not fully consider the hardship evidence because the Board's decision references only two of petitioner's three children. We disagree, because the record reflects the Board was familiar with the record and all evidence therein when it agreed with the IJ's hardship determination. Accordingly, Pamatz-Luquin's contentions do not raise a colorable due process claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Pamatz-Luquin's contention, that the IJ applied an improper legal standard to the hardship analysis, is unexhausted. *See Ontiveros-Lopez v. INS*, 213 F.3d

1121, 1124 (9th Cir. 2000). Morever, this contention does not raise a colorable due process claim, when the record shows the IJ actually applied the proper standard in determining the evidence in the record did not establish exceptional and extremely unusual hardship. *See Martinez-Rosas*, 424 F.3d at 930.

**PETITION FOR REVIEW DISMISSED.**