**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEORGINA MORA PERDOMO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-73931

Agency No. A079-535-361

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2010
Pasadena, California

Before: B. FLETCHER, BERZON, and CALLAHAN, Circuit Judges.

Jeorgina Mora Perdomo ("Mora") petitions for review of the Board of

Immigration Appeals's ("BIA") decision affirming an immigration judge's ("IJ")

denial of her December 16, 2005 motion to reopen removal proceedings on

account of ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

1252(a). *See also Nevarez Nevarez v. Holder*, 572 F.3d 605, 607 (9th Cir. 2009). We grant the petition for review and remand.

Because the BIA adopted the IJ's decision, we review the IJ's decision. *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008). We review denial of a motion to reopen for abuse of discretion. *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir. 2001) (en banc). The BIA abuses its discretion when its decision is "arbitrary, irrational, or contrary to law." *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).

The BIA recognized that Mora was entitled to equitable tolling of the deadline to file a motion to reopen because she was prevented from timely filing because of the ineffective assistance of her prior counsel, Early Hawkins, and a notario posing as an attorney, Jose Coronado. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). It also recognized that Mora knew or should have known that both Coronado and Hawkins perpetrated a fraud on her by May 2005, and measured Mora's due diligence from that date. We hold that the BIA abused its discretion in concluding that Mora's motion to reopen, even accounting for equitable tolling, was untimely.

Once Mora learned of the fraud on her in May 2005, she promptly sought the assistance of new counsel. *See Fajardo v. INS*, 300 F.3d 1019, 1022 (9th Cir.

2002). In circumstances such as those presented here, a newly hired lawyer should be afforded a reasonable period to obtain and review his client's immigration file so that he can provide competent legal advice. *Cf. Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1100 (9th Cir. 2005); *Ontiveros-Lopez*, 213 F.3d at 1125 ("While [petitioner] may have been able to attest to his own understanding with his prior counsel absent the record, he and his new counsel could not be expected to identify the specifics of counsel's deficient performance without reference to an accurate and substantially complete record of the filings and proceedings before the IJ"). Mora's newly retained counsel acted diligently to obtain and review her file; consequently, we equitably toll the beginning of the limitations period for filing the motion to reopen until October 13, 2005, when Mora reviewed her file with new counsel. Because the motion was filed within 180 days of reviewing the file, it was timely. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

We also hold that the BIA abused its discretion in concluding that Mora's claim was barred because she failed to comply with the requirements of *Matter of Lozada*, 19 I & N Dec. 637 (1988). Mora filed a complaint against her former counsel with the state bar, and her former counsel conceded his deficiency in failing to appear at the hearing where petitioner was ordered removed in absentia. We conclude that Mora substantially complied with *Lozada* and that the

3

purposes of *Lozada* have been fully served. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 896 (9th Cir. 2008); *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002).

We **GRANT** the petition for review and **REMAND** to the BIA for further proceedings consistent with this disposition.