**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAULO ARTURO OROZCO-FUENTES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71033

Agency No. A070-929-926

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Paulo Arturo Orozco-Fuentes, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from the immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings and review its legal conclusions de novo.  *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008).  We deny the petition for review.

Orozco-Fuentes testified that he resisted the guerrillas' and Guatemalan army's attempts to recruit him.  Substantial evidence supports the IJ's denial of asylum because Orozco-Fuentes failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground.  *See Elias-Zacarias v. INS*, 502 U.S. 478, 481-82 (1992) (forced recruitment by guerrillas, without more, does not amount to persecution); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150-51 (9th Cir. 2000) (attempts by military and guerillas to recruit Guatemalan not persecution absent evidence of discriminatory purpose).

We lack jurisdiction to consider Orozco-Fuentes' request for humanitarian relief because he did not raise this claim to the IJ or BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Because Orozco-Fuentes failed to establish his eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales,* 453 F.3d 1182*,* 1190 (9th Cir. 2006).

Finally, substantial evidence supports the IJ's denial of CAT relief because Orozco-Fuentes failed to establish it is more likely than not he will be tortured if returned to Guatemala. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED**.