**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIO ALBERTO DIAZ-ESTRADA and DILCIA ELIZABETH TOMASINO-JIMENEZ,<br><br>          Petitioners,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 10-71279<br><br>Agency Nos.  A094-795-352<br>                     A094-795-348<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011 [**]

Before:     FARRIS, LEAVY and BYBEE, Circuit Judges.

Petitioners Mario Alberto Diaz-Estrada and Dilcia Elizabeth Tomasino-

Jimenez, husband and wife and natives and citizens of El Salvador, petition for

review of a Board of Immigration Appeals streamlined order affirming an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's (IJ) decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's denial of asylum and withholding of removal because Diaz-Estrada failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008). Moreover, being a victim of criminal gang activity is not a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.") We decline to address petitioners' unexhausted contention that gang members targeted Diaz-Estrada for persecution on account of his membership in a family social group. *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (declining to consider a claim that Board did not have first opportunity to consider).

10-71279

Because petitioners have not "specifically and distinctly argued and raised" the issue of CAT relief, they have waived that claim. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**