**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM OSMIN SERRANO GUILLEN, | No. 10-71937 |
| Petitioner, | Agency No. A088-451-711 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011 [**]

Before:    FARRIS, LEAVY and BYBEE, Circuit Judges.

William Osmin Serrano Guillen, a native and citizen of Honduras, petitions

for review of a Board of Immigration Appeals order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal and protection under the Convention Against Torture (CAT).  Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Because Guillen's opening brief has not "specifically and distinctly argued and raised" challenges to the untimeliness of his asylum application and the denial of CAT relief, he has waived those claims. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001); *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

Substantial evidence supports the Board's denial of withholding of removal because Guillen failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.") We decline to address Guillen's unexhausted contention that gang members targeted him for persecution on account of his membership in a family social group. *Ontiveros-Lopez v. INS*,

213 F.3d 1121, 1124 (9th Cir. 2000) (declining to consider a claim that Board did not have first opportunity to consider).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**