**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALBERT MEJIA RIVERA, AKA Jorge Mejia, AKA Jorge Mejia Riveria | No. 12-70479 |
| Petitioner, | Agency No. A 093-370-617 |
| v. | |
| LORETTA LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order
of the Board of Immigration Appeals

Submitted January 8, 2016[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,[***] Senior District Judge.

Jorge Alberto Mejia Rivera, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals's ("BIA") decision adopting and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

affirming an Immigration Judge's ("IJ") denial of his application for relief under the Convention Against Torture ("CAT"). We deny in part and dismiss in part the petition for review.

For the first time before this court Rivera asserts two arguments: one, that counsel below, who represented Rivera in both IJ and BIA proceedings, furnished ineffective assistance of counsel by failing to advise Rivera that he could have sought a suspension of deportation; and two, that the IJ erred when he retroactively applied standards of cancellation of removal, instead of suspension of deportation, to find petitioner ineligible for discretionary relief. First, we lack jurisdiction to review Rivera's new claims because he did not raise either with the BIA or IJ, and accordingly, he has failed to exhaust his administrative remedies. *See Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.").

Second, Rivera fails to challenge the BIA's only finding–that Rivera was ineligible for CAT protection. Thus, he waives the only issue on appeal, and we deny in part the petition for review. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (holding that issues not discussed in the opening brief are waived).

We stay the mandate of this court for 90 days from the date this disposition is filed, absent further order of this court, to allow Rivera an opportunity to file a motion to reopen with the BIA with respect to his new claims.

**DISMISSED IN PART AND DENIED IN PART.**