NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO SANCHEZ-GARCIA, | No. 15-73881 |
| Petitioner, | Agency No. A205-150-908 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Francisco Sanchez-Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion for a continuance. Our jurisdiction is governed by U.S.C. § 1252. We review for abuse of discretion

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the denial of a continuance. *Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying for lack of good cause Sanchez-Garcia's motion for a continuance to file a second application for a U visa, where U.S. Citizenship and Immigration Services had denied his first application based on the same facts. *See Singh v. Holder,* 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Sanchez-Garcia provided no evidence of having filed a new application, and the basis for the motion remained merely a speculative possibility at the time of his final removal hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

Sanchez-Garcia's claim that the IJ violated due process by refusing to consider evidence is not supported by the record.

We lack jurisdiction to review Sanchez-Garcia's unexhausted ineffective assistance of counsel claim. *See Ontiveros-Lopez v. I.N.S.,* 213 F.3d 1121, 1124 (9th Cir. 2000) (an ineffective assistance of counsel claim must first be presented to the BIA, usually in a motion to reopen).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**