NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALONSO PEREZ-PEREZ; MARIA BLANCA REYNA LOPEZ DE PEREZ; LISETH ARELY PEREZ LOPEZ; STEVEN ALONSO PEREZ-LOPEZ; FATIMA YAMILETH PEREZ-LOPEZ, <br><br> Petitioners, <br><br> v. <br><br> JAMES R. MCHENRY III, Acting Attorney General, <br><br> Respondent. | No. 23-2633 <br><br> Agency Nos. <br> A218-146-824 <br> A218-146-825 <br> A218-146-826 <br> A218-146-827 <br> A218-146-828 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 24, 2025**

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioners Luis Alonso Perez-Perez and his wife and children, all natives and citizens of El Salvador, petition for review of a Board of Immigration Appeals' ("BIA") decision dismissing the appeal of an immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"We review the agency's factual findings for substantial evidence" and its legal conclusions de novo. *Cordoba v. Barr*, 962 F.3d 479, 481–82 (9th Cir. 2020).

1. Substantial evidence supports the BIA's conclusion that Petitioners did not show the required nexus between a statutorily protected ground and any past harm or fear of future persecution, and thus the BIA's denial of asylum and withholding of removal. To show nexus, a petitioner must provide evidence concerning the alleged persecutor's motives. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). The record does not compel the conclusion that Petitioners were targeted because of actual or imputed political opinions. Although Petitioners claim to hold anti-gang political opinions, Petitioner Luis Perez-Perez testified that he was targeted for extortion in 2011 because he owned a business as a barber. He was then approached by gang members in 2021 at his business. Petitioners have not shown that gang members knew of their alleged anti-gang attitudes or of their seeking law enforcement assistance before being extorted in 2011 or 2021. And no evidence

2

links the 2015 killing of Luis Perez-Perez's brother to Petitioners' political beliefs.

Further, the record does not compel the conclusion that Petitioners reasonably fear future harm because of their actual or imputed political views. No evidence shows that Petitioners were politically active or outspoken against gangs. An opinion opposing criminal organizations, without more, does not show that any future harm would have a nexus to political opinion. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746–47 (9th Cir. 2008), *overruled in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc). No evidence shows that the gangs are looking for Petitioners on account of their political views or their past defiance of the gangs.

Petitioners also claim a family-based particular social group. The record does not compel the conclusion that gang members were *motivated by* any of Petitioners' "biological ties, historical status, or other features unique to that family unit." *Matter of L-E-A-*, 27 I. & N. Dec. 40, 47 (BIA 2017), *rev'd in part on other grounds*, 27 I. & N. Dec. 581 (AG 2019), *restored*, 28 I. & N. Dec. 304 (AG 2021). The agency permissibly concluded that gang members targeted Petitioners because of their perceived wealth, not because of family membership. Any motive to harm Petitioners because of family membership was, as in *Matter of L-E-A-*, "at most, incidental." *Id.* at 46–47. The harm that befell Luis Perez-Perez's brother likewise does not compel a different conclusion, because the record does not show that the

death of Perez-Perez's brother was part of a "pattern of persecution closely tied" to Petitioners. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991)). Although Petitioners understandably fear harassment motivated by extortion or gang violence, their fear "bears no nexus to a protected ground." *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010).

Because the lack of nexus is dispositive of Petitioners' asylum and withholding claims, we need not address their other arguments.

2. We also deny Petitioners' ineffective assistance of counsel claim because it was not presented to the BIA. In general, we may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This exhaustion requirement applies to claims of ineffective assistance of counsel. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We therefore require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA."). As we have recently reiterated, "[t]he proper way to raise and exhaust an ineffective assistance of counsel claim in this situation is through a motion to reopen before the agency." *Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal will remain in place until the mandate issues, and the motion to stay removal, Dkt. No. 2, is otherwise denied as moot.

23-2633