**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR JAVIER SOLORIO-MANZO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7214

Agency No. A206-484-502

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025**
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HURWITZ and COLLINS, Circuit Judges.

Edgar Javier Solorio-Manzo, a citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") upholding an order of an

Immigration Judge ("IJ") denying his application for withholding of removal and

protection under the Convention Against Torture ("Torture Convention"). We

have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"),

8 U.S.C. § 1252. We deny the petition.

1. The agency properly rejected Solorio-Manzo's claim for withholding of

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

removal under INA § 241(b)(3)(A). *See* 8 U.S.C. § 1231(b)(3)(A) (providing for withholding of removal if the alien would likely suffer persecution because of his or her "race, religion, nationality, membership in a particular social group, or political opinion").

a. The BIA properly held that Solorio-Manzo abandoned any claim for withholding of removal based on asserted membership in a particular social group.

At a master calendar hearing on November 29, 2017, Solorio-Manzo submitted an application for relief listing "political opinion" as the alleged protected ground for purposes of withholding of removal. At that hearing, Solorio-Manzo's counsel suggested that the application could be amended to include, as additional protected grounds, the particular social groups of "individuals who fear returning based on potential cooperation in law enforcement investigation" or "[p]eople who've been the victims of cartel crime." While expressing skepticism about these proposed social groups, the IJ set the matter for an individual merits hearing.

When the merits hearing took place years later before a different IJ on June 12, 2023, Solorio-Manzo had not amended his application to include the potential particular social groups that his counsel had suggested as possibilities at the 2017 hearing. At the 2023 merits hearing, the IJ explicitly asked both Solorio-Manzo and his counsel (who was different from the counsel at the 2017 hearing) what

2

changes were to be made to the application, and counsel provided a series of corrections. None of these changes involved asserting, as an additional ground for withholding, a claim of membership in a particular social group. Both Solorio-Manzo and his counsel then expressly affirmed that they had no further changes to make to the application. In the ensuing evidentiary hearing, Solorio-Manzo's counsel argued only that Solorio-Manzo faced persecution based on "his imputed political opinion." The IJ rejected Solorio-Manzo's withholding claim, concluding that he failed to show that anyone had imputed a political opinion to him.

The BIA upheld the IJ's denial of Solorio-Manzo's withholding claim, agreeing that he failed to substantiate his imputed-political-opinion ground for withholding. The BIA rejected Solorio-Manzo's argument that a remand was required to address his claimed membership "in a particular social group defined as a witness to cartel crime," concluding that, although the issue had been raised at the 2017 hearing, it was abandoned when Solorio-Manzo failed to amend his application to include that additional ground and failed to raise any argument about that social group at the 2023 merits hearing.

The BIA properly concluded that the failure to amend the application and pursue the claim of membership in a particular social group at the merits hearing before the IJ was an abandonment of any such claim. Although such a claim had been raised as a possibility at an earlier hearing, Solorio-Manzo did not later

amend his application to assert such a claim, nor did he argue such a claim to the IJ at his merits hearing, nor did he seek a ruling from the IJ with respect to such a claim. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (holding that the BIA need not consider new proposed social groups raised for the first time on appeal).

b. Solorio-Manzo asserts that his counsel's abandonment of the claim at the merits hearing was ineffective assistance, but he did not raise this argument before the BIA. The contention is therefore unexhausted. Because the Government has properly invoked the non-jurisdictional but mandatory exhaustion rule, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023), we cannot consider Solorio-Manzo's ineffective assistance claim. *See Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) (requiring "an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA").

c. As to the political opinion ground that Solorio-Manzo asserted before the agency, his opening brief in this court raises no argument challenging the rejection of that claim. Accordingly, any argument on that score is forfeited. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

2. Substantial evidence supports the BIA's conclusion that Solorio-Manzo failed to show that he was entitled to relief under the Torture Convention. Solorio-

4

Manzo does not contend that he was tortured in the past or that he fears future torture by the Mexican government; rather, he asserts only that he fears future torture at the hands of cartels. The agency reasonably concluded that Solorio-Manzo's reliance on evidence of general police corruption did not establish that the Mexican government would acquiesce in any torture of him by cartels. *See*, *e.g.*, *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture."); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("We have stated that a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION DENIED.**